MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MATTHEW L. McCARTHY (CABN 217871)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California  94102
   Telephone:  (415) 436-6838
   Facsimile:   (415) 436-7234
   Matthew.McCarthy@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. CR 10-429 JW |
|    Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Hearing Date: March 15, 2011 |
| DYLAN CARLE STAUB, | Time: 1:30 p.m. |
|    Defendant. | Judge: Hon. James Ware |

# I.
# INTRODUCTION

The United States respectfully requests that the Court accept the Plea Agreement entered into by the parties, and sentence the defendant to 65 months imprisonment followed by five years of supervised release.

# II.
# BACKGROUND AND STATEMENT OF FACTS

The defendant has plead guilty to a violation of 21 U.S.C. § 841.  (PSR ¶¶ 1-3.)  The defendant has admitted the following facts in support of his plea:

On February 4, 2010, the defendant possessed more than 900 marijuana plants and approximately 9 kilograms of processed marijuana in his residence at 201 Chula Vista Drive, San Rafael, California.  He possessed the marijuana with the intent to deliver it to other persons by selling it.  At the time he possessed the marijuana, the defendant also possessed five handguns in his residence.  (Plea Agreement ¶ 2.)

The defendant further agreed and stipulated that the total amount of marijuana attributable to him for purposes of relevant conduct (as calculated pursuant to United States Sentencing Guidelines section 2D1.1(c) and Note (E)) is 100 kilograms.  (*Id*.)

# III.
# LEGAL STANDARD AT SENTENCING

Under Ninth Circuit case law, the Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct guidelines range.  *Carty*, 520 F.3d at 991.

Although the guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives."  *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007).  The guidelines range will be the starting point and the initial benchmark for the sentence.  *Carty*, 520 F.3d at 991.  The Court should keep the guidelines range in mind

UNITED STATES' SENT. MEM.
CR 10-429 JW                                               1

throughout the process, allow the parties to argue for a sentence they believe is appropriate, and consider the factors identified in 18 U.S.C. § 3553(a). *Id.*

If the Court imposes a sentence outside the guidelines range, it should ensure that its justification for deviating from the range is sufficiently compelling to support the degree of variance in the sentence that it imposes. *Carty*, 520 F.3d at 991. The Court should make an individualized determination based on the facts of each case. *Id.* The Court, however, is not required to raise every possible relevant issue sua sponte. *Id.*

## IV.
## 65 MONTHS IN PRISON IS THE APPROPRIATE SENTENCE

**A.      The Applicable Guidelines Range Is 70-87 Months In Prison**

**1.      The Correct Guidelines Calculation Is Level 25**

The parties agree that the following sentencing guidelines calculation is correct:

| Base offense level | USSG §2D1.1(a)(5), (c)(7) | 26 |
| Defendant possessed a dangerous weapon | USSG §2D1.1(b)(1) | +2 |
| Defendant accepted responsibility | USSG §3E1.1(a)+(b) | -3 |
| Total offense level | | 25 |

(Plea Agreement, ¶ 7.) The Probation Office calculates the defendant as having a Base Offense Level of 28. (PSR ¶ 23.) The Probation Office's calculation differs from that of the parties because the Probation Office's calculation of the Base Offense Level includes the weight of cocaine and psilocybin mushrooms seized as part of this investigation. The government does not believe that the weight of these narcotics should count toward the defendant's sentence.

With respect to the cocaine, the Probation Office includes 1 kilogram of cocaine which was seized from a vehicle driven by Benjamin Pringle as he drove away from the defendant's residence. The defendant was no charged with possession of this cocaine, although Benjamin Pringle was in a separate (but related) case. Mr. Pringle plead guilty to a violation of 21 U.S.C § 841 in connection with that cocaine, and is currently serving a 60 month sentence. (PSR ¶ 2.)

UNITED STATES' SENT. MEM.
CR 10-429 JW                                    2

The government does not believe that the facts before the Court support holding the defendant responsible for the cocaine seized from Mr. Pringle.

The Probation Office also includes 6 grams of cocaine and 90.8 grams of psilocybin mushrooms located in the defendant's house in its calculation of the Base Offense Level. The government also does not believe that these narcotics should be included. All available evidence supports the conclusion that the cocaine and mushrooms found in the defendant's house were for his personal use. (Indeed, roughly half of the cocaine was found in lines on a mirror in the defendant's bathroom, apparently set out for immediate consumption.) The government does not believe that the facts of this case support including cocaine and psilocybin mushrooms intended for the defendant's personal use in calculating the weight of the marijuana that the defendant admittedly intended to distribute. As there is no evidence that the cocaine and mushrooms were intended to be distributed, the government does not believe that they should be included as "relevant conduct" for a drug trafficking offense.

If the converted weight of the cocaine and mushrooms are removed from the Probation Office's calculations, the total remaining weight of marijuana is 126.5 kg. (PSR ¶ 22.) Although this weight is 26.5 kg higher than the amount admitted by the defendant in his Plea Agreement (Plea Agreement ¶ 2), it results in the same Base Offense Level of 26. The government therefore submits that 26 is the correct Base Offense Level, and that 25 is the correct Total Offense Level.

### 2. The Defendant's Criminal History Category Is CHC III

The government agrees with the U.S. Probation Office's calculation of the defendant's criminal history, resulting in a Criminal History Category of II. (PSR ¶¶ 34-42.)

### 3. The Correct Guidelines Range Is 70-87 Months In Prison

The Guidelines Range provided for Offense Level 25 and Criminal History Category III is 70-87 months in prison. *See* U.S.S.G., Sentencing Table. The sentencing range lies in Zone D of the Sentencing Table, and the sentence must therefore be served in prison. *Id.*

**B.   A Prison Sentence Of 65 Months Satisfies The 3553(a) Factors**

Analysis of the Guidelines and § 3553(a) shows that 65 months in prison is a reasonable and appropriate sentence in this case, and for this defendant.

**1.    60 Months In Prison Is An Appropriate Sentence Considering The Nature And Circumstances Of The Offense, And The Defendant's History And Characteristics – § 3553(a)(1)**

### a.    The Nature and Circumstances of the Offense

In this case, the defendant plead guilty to possessing substantial quantities of marijuana, and to possessing firearms in connection with the marijuana. (Plea Agreement, ¶ 2.) This are serious offenses, and deserving of a substantial prison term. The relatively high Guidelines Offense Level accounts for this. (See above.)

However, the defendant did not use or attempt to use a firearm in the commission of the offense, and the defendant promptly accepted responsibility for this offense. This willingness to accept responsibility for his conduct should be factored in the defendant's favor in sentencing.

### b.    The Defendant's History And Characteristics Warrant A 65 Month Sentence

The defendant's criminal history reflects that a Criminal History Category of III over-represents the defendant's criminal history. Specifically, the defendant receives criminal history points for two convictions sustained in 2009, a misdemeanor battery conviction and a misdemeanor conviction for driving without a license. (PSR ¶¶ 38-39.) Although the driving offense is technically counted under U.S.S.G. § 4A1.2(c)(1)(A), it seems inequitable to increase the defendant's Criminal History Category from II to III, and his resultant Guidelines Range from 63-78 to 70-87 for what is, in essence, a traffic ticket.

Were the defendant to have a Criminal History Category of II, a sentence of 65 months would be within the Guidelines Range. The government believes this to be an appropriate sentence.

UNITED STATES' SENT. MEM.
CR 10-429 JW                                             4

### 2. 65 Months In Prison and Five Years of Supervised Release Should Deter The Defendant From Further Illegal Activity and Protect the Public from Further Crimes– §3553(a)(2)(B)+(C)

The government believes that 65 months imprisonment, followed by a five year term of supervised release, should deter the defendant from further illegal activity. Although the defendant has spent time in custody before, he has never served a period of imprisonment even approaching this length. Moreover, when the defendant is released, he will be subject to the monitoring of the U.S. Probation Office for five additional years.

When viewed in total, the sentence contemplated by the parties should serve to protect the public from further crimes for a long period of time. The parties contemplate that he will serve 65 months in federal custody, and will then be supervised by the U.S. Probation Office for five years following his release. In total, the defendant will be under the supervision of the federal government for more than ten years.

### CONCLUSION

The Court should sentence the defendant to 65 months in prison, followed by a five-year term of supervised release.

DATED: March 9, 2011　　　　　　　　MELINDA HAAG
　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　MATTHEW L. McCARTHY
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

UNITED STATES' SENT. MEM.
CR 10-429 JW　　　　　　　　5